**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRICK O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 6990 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Lindberg |
| N. L. ORLANDO, Star No. 12756, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Ashman |
| M. B. GRAF, Star No. 11571, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANTS ORLANDO AND GRAF'S ANSWER TO PLAINTIFF'S COMPLAINT**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES**
**AND JURY DEMAND**

Defendant Chicago Police Officers Nicholas Orlando and Matthew Graf, (herein after

referred to as "Defendant Officers")[1], by one of their attorneys, Suyon Reed, Assistant

Corporation Counsel, hereby submit the following answer to plaintiff's first amended complaint,

affirmative defenses, 12(b)(6) defense, and jury demand as follows:

**JURISDICTION and VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under
color of law of plaintiff s rights as secured by the United States Constitution.

**ANSWER:**      Defendant Officers admit this action is brought pursuant to 42 U.S.C. §

1983. Defendant Officers deny they caused plaintiff any injury.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and
1367.

**ANSWER:**      Defendant Officers admit the allegations contained in this paragraph.

---

[1]Defendant Officers answer for themselves and make no answer for any other named or unnamed defendant.

3.      Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**      Defendant Officers admit the allegations contained in this paragraph.

Defendant Officers deny any wrongful conduct complained of herein.

## PARTIES

4.      At all times relevant hereto, Plaintiff Darrick O'Neal was a 37 year-old male resident of Chicago, Illinois.

**ANSWER:**      Defendant Officers lack sufficient information to form a belief as to the truth

or falsity of the allegations contained in this paragraph.

5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**      Defendant Officers admit the allegations contained in this paragraph.

Defendant Officers deny any wrongful conduct complained of herein.

6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**      Defendant Officers admit the allegations contained in this paragraph.

Defendant Officers deny any wrongful conduct complained on herein.

## FACTUAL ALLEGATIONS

7.      On or about December 17, 2006, at or near 5307 W. Potomac Ave., Chicago, Illinois, Plaintiff was walking from his home to a convenient store.

**ANSWER:**      Defendant Officers admit that on December 17, 2006 plaintiff was at 5307

W. Potomac, Chicago, Illinois. Defendant Officers deny the remaining allegations contained in this

paragraph.

8.      At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**        Defendant Officers deny the allegations contained in this paragraph.

9.        One or more of the Defendant Officers unconstitutionally seized and arrested Plaintiff without an arrest warrant and without probable cause to believe that Plaintiff was or had committed any crime.

**ANSWER:**        Defendant Officers deny the allegations contained in this paragraph.

10.        At this time, Plaintiff was unreasonably and forcefully handcuffed by one or more of the Defendant Officers, was unconstitutionally searched, and was transported to the 25th District Chicago Police Station by one or more of the Defendant Officers.

**ANSWER:**        Defendant Officers admit that plaintiff was handcuffed, searched and transported to the 25th District police station. Defendant Officers deny the remaining allegations contained in this paragraph.

11.        At the Chicago Police Station, Plaintiff was falsely charged with Possession of Heroin in violation of 720 ILCS 570.0/402-C.

**ANSWER:**        Defendant Officers deny that plaintiff was falsely charged with Possession of Heroin in violation of 720 ILCS 570.0/402-C. Defendant Officers further deny any wrongful conduct complained of herein.

12.        Plaintiff was held in custody on this matter until December 31, 2006, when he was released on bond.

**ANSWER:**        Defendant Officers lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

13.        On the date of his arrest, December 17, 2006, while Plaintiff was being held in custody on this matter, he was transported to a hospital to receive medical care due to a dramatic increase in his blood pressure, causing Plaintiff to feel light-headed and nauseous.

**ANSWER:**        Defendant Officers admit that plaintiff was transported to the hospital on December 17, 2006 to receive medical care due to plaintiff complaining about chest pains. Defendant Officers lack sufficient information to form a belief as to the truth or falsity of the remaining

allegations contained in this paragraph.

14.     On January 10, 2007, all false charges against Plaintiff were dismissed by a Cook County Judge for a finding of no probable cause to arrest Plaintiff.

**ANSWER:**     Based on information and belief, Defendant Officers admit the allegations

contained in this paragraph. Defendant Officers deny any wrongful conduct complained of herein.

### Count 1-42 U.S.C. S 1983 False Arrest

15.     Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:**     Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-

pled herein.

16.     On December 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause.  These seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

17.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

18.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

> a)   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
>
> b)   As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and

will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c)  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d)  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e)  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f)  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g)  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h)  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph, including sub-sections a-h.

19.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in their favor as to COUNT I of plaintiff's amended complaint, award Defendant Officers such costs

and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## Count II - False Imprisonment

20.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**     Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-pled herein.

21.     Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**     Defendant Officers admit the allegations in this paragraph. Defendant Officers deny any wrongful conduct complained of herein.

22.     On December 17, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**     Defendant Officers deny that plaintiff was seized without probable cause. The Defendant Officers deny the remaining allegations contained in this paragraph.

23.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

24.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph. Defendant Officers deny any wrongful conduct complained of herein.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in their favor as to COUNT II of plaintiff's amended complaint, award Defendant Officers such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**Count III - 42 U.S.C. $ 1983 - Excessive Force**

25.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-

pled herein.

26.    On December 17, 2006, Defendant Officers subjected Plaintiff to excessive force.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

27.    The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiffs constitutional rights.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

28.    The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph, including sub-sections a-h.

29.    As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in their favor as to COUNT III of plaintiff's amended complaint, award Defendant Officers such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count IV - 42 U.S.C. S 1983 - Failure to Intervene

30.    Plaintiffs re-allege paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-pled herein.

31.    During the constitutional violations as described above, one or more of the Defendant

Officers stood by without intervening to prevent the misconduct.

      **ANSWER:**      Defendant Officers deny the allegations contained in this paragraph.

      32.      The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiffs' constitutional rights.

      **ANSWER:**      Defendant Officers deny the allegations contained in this paragraph.

      33.      The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

      a.      As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

      b.      As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

      c.      As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

      e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

      f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

      g.      As a matter of express policy, the City of Chicago refuses to take into

consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.　The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**　Defendant Officers deny the allegations contained in this paragraph, including sub-sections a-h.

34.　As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:**　Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in their favor as to COUNT IV of plaintiff's amended complaint, award Defendant Officers such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count V - 42 U.S.C. $ 1983 Conspiracy

35.　Plaintiff re-alleges paragraph 1 through 14 as if fully repleaded herein.

**ANSWER:**　Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-pled herein.

36.　Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

**ANSWER:**　Defendant Officers deny the allegations contained in this paragraph.

37.　Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

38.    Additionally, said conspiracy and joint action violated Plaintiffs 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

39.    Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal seizure, detention, assault, and search of Plaintiff on August 13, 2006, as more fully alleged in the preceding paragraphs.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

40.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct

against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph, including sub-sections a-h.

41.     This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in their favor as to COUNT V of plaintiff's amended complaint, award Defendant Officers such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count VI - Malicious Prosecution

42.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**     Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-pled herein.

43.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

44.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

45.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

46.    On January 16, 2007, Plaintiff's case was dismissed.

**ANSWER:**    Defendant Officers deny that plaintiff's case was dismissed on January 16, 2007.

47.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in their favor as to COUNT VI of plaintiff's amended complaint, award Defendant Officers such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## Count VII - Intentional Infliction of Emotional Distress

48.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-pled herein.

49.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    Defendant Officers admit the allegations in this paragraph. Defendant Officers deny any wrongful conduct complained of herein.

50.     Defendant Officers' illegal arrest, excessive force, and unlawful seizure f Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

51.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

52.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but riot limited to severe physical and emotional harm, legal and other out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers respectfully request that this Court enter judgment in

their favor as to COUNT VII of plaintiff's amended complaint, award Defendant Officers such costs

and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## Count VIII - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

53.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**     Defendant Officers hereby re-allege paragraphs 1 through 14 as if fully re-

pled herein.

54.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**     Defendant Officers make no answer as this count is not directed towards

them.

55.     At all relevant times, Defendant Officers were agents of Defendant City and

employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**        Defendant Officers make no answer as this count is not directed towards them.

**AFFIRMATIVE DEFENSES**

1.        Defendant Officers are entitled to qualified immunity as a matter of law. Defendant Officers Orlando and Graf are government officials who perform discretionary functions. At all times material to the events alleged in plaintiff's amended complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the officer could have believed his actions to be lawful, in light of clearly established law and the information that defendant officers possessed.  Therefore, Defendant Officers, are entitled to qualified immunity as a matter of law.

2.        To the extent that plaintiff has alleged any state law claims, if Defendant Officers are liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of plaintiff, which was the proximate cause of these injuries and damages. Any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

3.        Defendant Officers were working as a Police Officers at the time of this incident.

15

Therefore, as to all state claims alleged by plaintiff, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202.

4.      At the time of the events alleged in the plaintiff's complaint, Defendant Officers were public employees serving in a position involving the determination of policy or the exercise of discretion. Defendant Officers are not liable for any of the claims alleged because the decision to arrest plaintiff was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

5.      Defendant Officers Orlando and Graf were justified in the use of force against plaintiff because they reasonably believed that such force was necessary to prevent bodily harm to themselves or others.  720 ILCS 5/7-1 and/or 720 ILCS 5/7-5 (West 2007).

6.      Defendant Officers Orlando and Graf are not liable for any of plaintiff's claims because they cannot be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

7.      "'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Payne v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted).

8.      Defendant Officers have absolute immunity for any testimony they may

have given in plaintiff's underlying criminal case. Briscoe v. LaHue, 460 U.S. 325 (1983).

9.    In Illinois, it is clear that punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of severe emotional distress, since the alleged outrageous quality of the defendant's conduct forms the basis of the action. Knierim v. Izzo, 22 Ill.2d 73, 88, 174 N.E.2d 157, 165 (1961); Gragg v. Calandra, 297 Ill. App. 3d 639, 649, 696 N.E.2d 1282, 1290 (2nd Dist. 1998); Morrison v. Sandell, 112 Ill. App. 3d 1057, 1060, 446 N.E.2d 290, 292 (4th Dist. 1983). Consequently, the rendition of compensatory damages is sufficiently punitive. Knierim, 22 Ill.2d at 88, 174 N.E.2d at 165; Morrison, 112 Ill. App. 3d at 1060, 446 N.E.2d at 292. In Morrison, the Court held that the plaintiff's claim seeking punitive damages for the intentional infliction of emotional distress was properly dismissed. Morrison,112 Ill. App. 3d at 1060, 446 N.E.2d at 292. Here, in Count VII of his amended complaint, the plaintiff seeks punitive damages for the alleged intentional infliction of emotional distress by the Defendants, Nicholas Orlando and Matthew Graf. As Illinois does not permit the recovery of punitive damages for the intentional infliction of emotional distress, the plaintiff's prayer for the same must be stricken. Thus, this Court must strike the plaintiff's prayer for punitive damages in Count VII of his amended complaint.

### 12(b)(6) DEFENSE

1.    To the extent that plaintiffs are claiming that Defendant Officers Orlando and Graf conspired to violate plaintiff's constitutional rights, plaintiff fails to state a cause of action for damages.

## **JURY DEMAND**

Defendants City of Chicago, Officers Nicholas Orlando and Matthew Graf respectfully

demand a trial by jury of this cause.

Respectfully submitted,

/s/ Suyon Reed
SUYON REED
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973

## <u>CERTIFICATE OF SERVICE</u>

I, Suyon Reed, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS ORLANDO AND GRAF'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSE, AND JURY DEMAND,** to be sent via e-filing to the person named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on February 27, 2008, in accordance with the rules on electronic filing of documents.


Respectfully submitted,


/s/ Suyon Reed
SUYON REED
Assistant Corporation Counsel



30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973