**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DARRICK O'NEAL, | ) | |
| | ) | **No. 07 C 6990** |
| Plaintiff, | ) | |
| | ) | JUDGE LINDBERG |
| v. | ) | |
| | ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICER N. L. ORLANDO, Star No. | ) | |
| 12756, and CHICAGO POLICE OFFICER M. B. | ) | JURY DEMAND |
| GRAF, Star No. 11571, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its answer, defenses, and jury demand to Plaintiff's Complaint, states as follows:

**Jurisdiction and Venue**

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under
color of law of Plaintiff's rights as secured by the United States Constitution.

ANSWER:    The City admits that Plaintiff purports this action pursuant to 42 U.S.C. § 1983 to

redress an alleged deprivation under color of law of Plaintiff's rights as secured by

the United States Constitution.  The City denies the allegations in this paragraph to

the extent that they pertain to the City.  The City lacks knowledge or information

sufficient to form a belief as to the remaining allegations contained in this paragraph.

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and
1367.

ANSWER:    The City admits the allegations in this paragraph.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to whether

Plaintiff resides in this judicial district.  The City admits the truth of the remaining

allegations in this paragraph.

## Parties

4.      At all times relevant hereto, Plaintiff Darrick O'Neal was a 37 year old, male resident of Chicago, Illinois.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

ANSWER:    Upon information and belief, based upon Chicago Police Records, the City admits

the allegations contained in this paragraph.

6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

ANSWER:    The City admits it is a municipal corporation, duly incorporated under the laws of the

State of Illinois.  The City admits it employs the Defendant Officers.  The City lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph..

2

**Factual Allegations**

7.     On or about December 17, 2006, at or near 5307 W. Potomac Ave., Chicago, Illinois, Plaintiff was walking from his home to a convenient store.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

8.     At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

9.     One or more of the Defendant Officers unconstitutionally seized and arrested Plaintiff without an arrest warrant and without probable cause to believe that Plaintiff was or had committed a crime.

ANSWER:     The City admits, based upon Chicago Police Department records,  Plaintiff was

arrested without a warrant on December 17, 2006.  The City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

10.     At this time, Plaintiff was unreasonably and forcefully handcuffed by one or more of the Defendant Officers, was unconstitutionally searched, and was transported to the 25th District Chicago Police Station by one or more of the Defendant Officers.

ANSWER:     The City admits, based upon Chicago Police Department records, Plaintiff was

handcuffed, searched, and was transported to the 25th District Chicago Police Station

3

by one or more of the Defendant Officers. The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

11.     At the Chicago Police Station, Plaintiff was falsely charged with Possession of Heroin in violation of 720 ILCS 570.0/402-C.

ANSWER:     The City admits, based upon Chicago Police Department records, that Plaintiff was

charged with Possession of a Controlled Substance in violation of 720 ILCS

570.402(c) at the Chicago Police Station. The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within

this paragraph.

12.     Plaintiff was held in custody on this matter until December 31, 2006, when he was released on bond.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

13.     On the date of his arrest, December 17, 2006, while Plaintiff was being held in custody on this matter, he was transported to a hospital to receive medical care due to a dramatic increase in his blood pressure, causing Plaintiff to feel light-headed and nauseous.

ANSWER:     The City admits, based upon Chicago Police Department records, that Plaintiff was

transported to a hospital on the date of his arrest, December 17, 2006, while being

held in custody on this matter, to receive medical care.  The City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

4

this paragraph.

14.     On January 10, 2007, all false charges against Plaintiff were dismissed by a Cook County Judge for a finding of no probable cause to arrest Plaintiff.

ANSWER:    The City admits that on January 10, 2007, based on Cook County records, a Cook

County Judge made a finding of no probable cause and Plaintiff's case was

dismissed. The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained within this paragraph.

## COUNT I

### 42 U.S.C. § 1983 - False Arrest

15.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.

16.     On December 17, 2006, Plaintiff was seized and arrested without a warrant and without probable cause.  These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

ANSWER:    The City admits, based upon Chicago Police Department records, that Plaintiff was

arrested without a warrant on December 17, 2006.  The City lacks knowledge or

information to form a belief as to the truth of the remaining allegations in this

paragraph.

5

17.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

ANSWER:    Upon information and belief,  based upon Chicago Police Department records, that Defendant Officers were acting in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment in arresting Plaintiff.  The City lacks knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

18.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

6

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Polices Officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its subparts.

19. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT II

### False Imprisonment

20.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.

21.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code § 1367.

ANSWER:    The City admits the allegations contained within this paragraph.

22.    On December 17, 2006, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

ANSWER:    The City admits, based upon Chicago Police Department records, that Plaintiff was

arrested without a warrant on December 17, 2006.  The City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph.

23.    Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

ANSWER:    The City denies the allegations in this paragraph to the extent they pertain to the City

of Chicago.  The City lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.

8

24.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City

of Chicago.  The City lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.


### COUNT III

### 42 U.S.C. § 1983 - Excessive Force

25.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.


26.     On December 17, 2006, Defendant Officers subjected Plaintiff to excessive force.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.


27.     The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.


28.     The misconduct described in this count was undertaken pursuant to the policy and

9

practice of the Chicago Police Department in that:

a.　　As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.　　As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.　　As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.　　Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.　　The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.　　As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.　　As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.　　The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police

Officers for violations of civil rights.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegation that the City sustains less than 5% of the complaints brought against

Polices Officers for violations of civil rights.   The City denies the remaining

allegations in this paragraph, including all of its subparts.


29.     As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

ANSWER:     The City denies that it had or has any of the polices or practices alleged in Paragraph

28, including all of its subparts.   The City further denies the allegations in this

paragraph to the extent they pertain to the City.   The City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph.


## COUNT IV

### 42 U.S.C. § 1983 - Failure to Intervene

30.     Plaintiffs re-allege paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.


31.     During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

11

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

32.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiffs' constitutional rights.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

33.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.     As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the

12

preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegation that the City sustains less than 5% of the complaints brought against

Polices Officers for violations of civil rights.   The City denies the remaining

allegations in this paragraph, including all of its subparts.

34.     As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress.  These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

## COUNT V

### 42 U.S.C. § 1983 - Conspiracy

35.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.

36.     Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

37.     Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

38.     Additionally, said conspiracy and joint action violation Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

39.     Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal seizure, detention, assault, and search of Plaintiff on August 13, 2006, as more

fully alleged in the preceding paragraphs.

ANSWER:    The City re-alleges its answers to all preceding paragraphs as if fully re-pleaded herein.  The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


40.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unstained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Polices Officers for violations of civil rights.  The City denies the remaining allegations in this paragraph, including all of its subparts.

41.    This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT IV

## Malicious Prosecution

42.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

16

ANSWER:     The City re-alleges its answers to paragraph 1 through 14 as if fully re-pleaded

herein.

43.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

44.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

45.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

46.     On January 10, 2007 Plaintiff's case was dismissed.

ANSWER:     The City admits the allegations contained in this paragraph.

47.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

# COUNT VII

## Intentional Infliction of Emotional Distress

48.     Plaintiffs re-allege paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.

49.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under Title 28, United States Code § 1367.

ANSWER:    The City admits the allegations contained in this paragraph.

50.     Defendant Officers' illegal arrest, excessive force, and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

51.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

52.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.


## COUNT VIII

### State Law Claims against Defendant City
### *Respondeat Superior* and Indemnification

53.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 14 as if fully re-pleaded

herein.


54.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

ANSWER:     The City states that Plaintiff's allegations in this paragraph are a vague, incomplete

and/or inaccurate statement of Illinois statutory and common law regarding

municipal indemnification, and therefore, the allegations in this paragraph are denied.


55.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting with the scope of their employment.  Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

ANSWER:     The City admits, upon information and belief, based upon Chicago Police

Department records, that the Defendant Officers were, at all times relevant to the

complaint, employees of the Chicago Police Department acting within the scope of

their employment.  The City states that Plaintiff's allegation that Defendant City is

liable as principal for all torts committed by its agents, Defendant Officers, is a

vague, incomplete and/or inaccurate statement of Illinois statutory and common law

regarding municipal liability and therefore, the  allegation is denied.  The City lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

1.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of

the state law claims alleged because a public employee is not liable for his or her acts or

omissions in the execution or enforcement of any law, unless such acts or omissions constitute

willful and wanton conduct.  745 ILCS 10/2-202.

2.      A municipality is not liable under a theory of respondeat superior for the

constitutional violations of its employees.  See Board of County Commissioners of Bryan

County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

3.      Under the Illinois Tort Immunity Act, a public employee serving in a position

involving the determination of policy or exercise of discretion is not liable for an injury resulting

from his act or omission in determining policy when action in the exercise of such discretion

even though abused.  745 ILCS 10/2-201.

4.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury

caused by his instituting or prosecuting any judicial or administrative proceeding within the

scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5.      Defendant Officers are not liable for any of Plaintiff's claims because they can not be held liable for acts or omissions of other people.  Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

6.      Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

7.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

8.      If the Defendant Officers are found not liable to the Plaintiff on any of his state claims,  the City is not liable to the Plaintiff.  745 ILCS 10/2-109.

9.      The Statute of Limitations for any claim under Illinois State Law Plaintiff is attempting to plead is one year.  745 ILCS 10/8-101.  To the extent that Plaintiff's claims under state law accrued more than one year prior to their filing of this complaint against the Defendant

Officers and the City, those claims are time barred and should be dismissed.


### JURY DEMAND

The City  respectfully requests a trial by jury.


Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:     /s/ Rita Moran
RITA MORAN
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866 Ofc.
(312) 744-3989 Fax
Attorney No.  06270301